**Josephine DORSE, Plaintiff,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.**

**No. 82–2308–CIV–KING.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 10, 1984.

---

Blaire & Cole, Coral Gables, Fla., for Eagle-Picher.

Lyle & Skipper, St. Petersburg, Fla., for Fibreboard.

Louis S. Robles, Miami, Fla., Frederick M. Baron & Associates, Dallas, Tex., for plaintiff.

Lee, Schulte, Murphy & Coe, P.A., Miami, Fla., for Keene Corp.

ORDER DENYING DEFENDANT EA-GLE–PICHER INDUSTRIES, INC'S MOTION FOR SUMMARY JUDG-MENT

JAMES LAWRENCE KING, Chief Judge.

This cause arises before the Court upon the defendant Eagle-Picher Industries, Inc.'s motion for summary judgment.

On this motion, the defendant argues that it is entitled to summary judgment against the plaintiff on the basis of the government specification defense. This affirmative defense allows government-contract manufacturers to share in the same immunity from suit enjoyed by the United States when the contractor has complied with explicit government specifications during performance of a contract with the United States. *See, e.g., Dolphin Gardens, Inc. v. United States*, 243 F.Supp. 824 (D.Conn.1965).

The Court first notes that the defendant has cited no Florida cases explicitly recognizing and applying the government specification defense. The defendant has urged this Court, however, to rely on the case of *Rawls v. Ziegler*, 107 So.2d 601 (Fla.1958), as providing the conceptual basis for the Florida courts probable adoption of the defense when presented with an opportunity to so adopt.

The *Rawls* case involved a negligence claim as distinguished from the instant case involving strict products liability and the allegation of a failure to warn. The Court, thus, does not find *Rawls* persuasive authority for the defendant's proposition that the Florida courts would likely adopt the government specification defense in the case at bar.

Similarly, the Fifth Circuit has recently refused to apply the government specification defense in a Texas asbestos litigation "[a]bsent some reason to believe that the Texas courts, when presented with the question would adopt such a defense." *Hansen v. Johns-Manville Products Corp.*, 734 F.2d 1036, 1045 (5th Cir.1984).

 The Court further notes that, notwithstanding the fact the Florida courts do not recognize the government specification defense, genuine issues of material fact exist which would preclude summary judgment even if the defense were otherwise available.

 Jurisdictions which allow the government specification defense require that the defendant contractor must satisfy two elements under the defense: First, it must comply carefully and fully with the Government's specifications; second, it must apprise the Government of any hazards, unknown to the Government, associated with the product, of which the contractor is aware and which might affect the Government's decision to specify its use. *In Re Agent Orange Product Liability Litigation*, 534 F.Supp. 1046, 1057 (E.D.N.Y.1982).

This latter element would, therefore, require a comparison of the relative knowledge of the United States Government and of the defendant regarding the hazards associated with asbestos containing material and the need for warnings concerning its use. As the Court in *Tefft v. A.C. & S., Inc.*, No. 80–924M (W.D.Wash. May 6, 1983) at 9, noted "[t]he duty-to-warn issue ... does not disappear[ ] with the assertion of the government specification defense,

the finder-of-fact must determine who knew what, when, that is, relative knowledge, and, thus where any duty lay."

Summary judgment is, therefore, inappropriate in the instant case where a material issue of fact exists as to the quantum of knowledge, regarding the hazards of asbestos, possessed by the defendant during the relevant period in question.

Accordingly, the Court, having fully considered the motion, the memoranda of law in support and in opposition there to, as well as the applicable law herein does:

ORDER and ADJUDGE that the defendant's motion be, and it is, DENIED.